The majority in this case has held that the trial court "did not err by finding Jennifer delinquent based upon acts committed on a date other than included in the complaint." While I agree that Jennifer's conviction cannot be reversed upon the allegedly defective complaint, I am unable to agree with the majority's implicit finding that Jennifer was properly found to be a delinquent child for receiving stolen property. I therefore dissent.
The trial court found Jennifer to be a delinquent child for receiving stolen property in violation of R.C. 2913.51. The majority implicitly agreed with the trial court's decision when it stated that "Jennifer was present when checks were stolen and used. She received items from Brittany's forging spree." Unlike the majority, I believe the trial court erred by finding that Jennifer received stolen property in violation of R.C. 2913.51.
R.C. 2913.51(A) provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The committee comment to H.B. 511, which codified R.C. 2913.51, states in part that "[u]nder the former statute an offender actually had to know that the property received was stolen property, whereas under this section it is sufficient if the offender has reasonable cause to believe that the property is `hot.'" (Emphasis added.) As clearly indicated by the foregoing comment, R.C. 2913.51 contemplates as its targeted offender not the thief but someone who is simply in receipt of and/or has disposed of the stolen property. See State v. Coats (Mar. 30, 1999), Franklin App. No. 98AP-927, unreported.
In the case at bar, it is undisputed that the stolen property were the checks Brittany took (and used) from her mother's dresser without authorization to do so. While Jennifer was then in the same room as Brittany, there is absolutely no evidence that Jennifer physically removed the checks from the dresser. The record is also devoid of any evidence that Jennifer either used or received the stolen checks. It is also undisputed that the items allegedly received from Brittany or held by Jennifer were legally purchased and not stolen from the stores. Indeed, the majority states that Brittany's mother was informed on September 9, 1999 "by her bank that it was dishonoring checks because her checking account was overdrawn." Implicit in that statement is the fact that some of the checks stolen by Brittany cleared at the bank. Thus, the stores which sold items to Brittany were paid for the items obtained by Brittany. As a result, the property received or held by Jennifer was not stolen but rather legally purchased by Brittany, albeit with stolen checks.
Based upon those circumstances, I believe that Jennifer never received stolen property in violation of R.C. 2913.51. While I do not condone Jennifer's behavior, I believe that Jennifer did not commit the delinquent act with which she was charged. I thus would reverse the judgment and sentence of the trial court, discharge Jennifer, and overrule her second assignment of error as moot. App.R. 12(A)(1)(c). I therefore respectfully dissent.
Case No. CA2000-02-016
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
___________________________________
Stephen W. Powell, Presiding Judge
___________________________________
William W. Young, Judge
___________________________________
James E. Walsh, Judge